IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| M.O., individually, and behalf of all others similarly situated, | : : : |
| *Plaintiff*, | : Case No. 1:25-cv-00015-JPH : : Judge Jeffery P. Hopkins |
| vs. | : : |
| BRIGHTVIEW LLC d/b/a BRIGHTVIEW HEALTH, | : : : |
| *Defendant.* | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Proceed Pseudonymously (Doc. 2) (the "Motion"). Plaintiff requests leave to proceed under a pseudonym due to the sensitive nature of the claims in this case, which allege common law invasions of privacy, breach of confidence, breach of fiduciary duty, negligence, breach of implied contract, unjust enrichment, violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq.*, violations of the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. § 5702, 5703, *et seq.*, and violations of the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq*. Doc. 1.

For the reasons set forth below, and contingent upon any objection from Defendant, Plaintiff's Motion is **PRELIMINARILY GRANTED**.[1]

---

[1] Plaintiff filed the instant Motion to Proceed Pseudonymously on January 15, 2025. Doc. 2. Presently, Defendants have not filed a response, and Plaintiff's Motion and the corresponding filings do not indicate whether Defendant intends to oppose the Motion. *See generally* Doc. 2. Due to the sensitive nature of the allegations, the Court will nonetheless adjudicate upon the Motion in order to preserve Plaintiff's asserted privacy rights and interests. If Defendant submits a filing in opposition to the instant Motion, the Court shall revisit this Order and reassess whether the balance of interests continues to weigh in favor of allowing Plaintiff to proceed pseudonymously. If no opposition is filed, the Court's decision on this matter will become final.

I.  LAW & ANALYSIS

Litigating under a pseudonym is generally disfavored. *See* Fed R. Civ. P. 10(a). A court, however, may allow a party to proceed under pseudonym where the party's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In balancing these interests, a court should consider:

> (1) whether the [individual] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [individual] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [the individual] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [individual is a child].

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Importantly, the *Porter* factors are not exhaustive, and courts in the Sixth Circuit also consider prejudice to the defendant in granting a motion to proceed pseudonymously and potential psychological, reputational, or economic harm to the plaintiff in denying such a motion. *See, e.g.*, *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) ("When determining whether such an exception [to proceed pseudonymously] is justified, a court may consider, among others, the following [*Porter*] factors . . . . [and] whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case."); *Poe v. Lowe*, No. 3:24-cv-368, 2024 WL 4678470, at *2 (M.D. Tenn. Nov. 1, 2024) ("Other relevant factors include the risk of prejudice to the defendant's right to mount a defense, the potential of psychological harm to a plaintiff subject to public identification, and whether the plaintiff might suffer harm to his reputation and economic interests.").

Plaintiff "acknowledges that the first, third, and fourth *Porter* factors do not support [the] request to proceed pseudonymously." Doc. 2, PageID 51. The Court agrees with Plaintiff's admission. Nonetheless, Plaintiff maintains that:

> (1) prosecution of this suit will compel Plaintiff to disclose extremely intimate, personal information; (2) the publicization of that information would pose a severe risk of reputational and, potentially, economic harm to Plaintiff; (3) Defendant will not be prejudiced by allowing Plaintiff to proceed pseudonymously; and (4) due to the nature of this case, the public interest served by allowing Plaintiff to proceed pseudonymously is far more compelling than the public interest that may be served by requiring Plaintiff to publicly identify [themselves].

*Id*.

As it pertains to the second *Porter* factor, the Court finds that "prosecution of the suit will compel . . . [Plaintiff] to disclose information 'of the utmost intimacy[.]'" *Porter*, 370 F.3d at 560 (citations omitted). Numerous courts have found that mental illness and drug addiction are personal and sensitive and that disclosure of those conditions, especially because of the social stigma attached to them, may intrude on a plaintiff's privacy. *See, e.g.*, *Smith v. U.S. Office of Pers. Mgmt.*, No. 2:13-cv-5235, 2014 WL 12768838, at *2 (E.D. Pa. Jan. 21, 2014) (finding that a plaintiff's "reasonable fears about the status of his current and future job prospects if his addiction is revealed" supported his motion to proceed pseudonymously); *Doe v. Black Diamond Cap. Mgmt. LLC*, No. 22-cv-03194, 2023 WL 2648017, at *3 (S.D.N.Y. Mar. 27, 2023) ("The Court does not doubt that plaintiff considers his history of drug addiction … to be both sensitive and personal."); *John Doe v. The Salvation Army, et al.*, No. 2:05-cv-00901, slip op. at 1 (S.D. Ohio Nov. 8, 2005) (granting a motion to proceed anonymously in a case alleging discrimination on the basis of mental illness); *Michigan Prot. & Advoc. Serv., Inc. v. Caruso*, No. 5:05-cv-00128, 2006 WL 958496, at *2 (W.D. Mich. Apr. 10, 2006) ("The danger of misuse of the information at issue in this case (personal identifiers of minors/young

3

prisoners and their mental health and disability information, the disclosure of which might subject them to targeted abuse in prison) is such that it should be afforded like special protection.").

Here, it is undeniable that the same concerns that animated the plaintiffs' motions to proceed pseudonymously in the above-mentioned cases also inform Plaintiff's Motion in the instant case. Indeed, Plaintiff also faces the same legitimate risk of reputational harm, loss of employment prospects, and potential social humiliation and embarrassment from the public disclosure of their name and identity. Doc. 2, PageID 52. Thus, the Court assesses that these factors weigh in favor of granting the Motion and allowing Plaintiff to proceed pseudonymously.

Turning to the other considerations, while the Court does not presently have the benefit of a response from Defendant given the posture of this case, the Court accepts as true Plaintiff's representation that they will "privately disclose [their] identity to Defendant through [their] counsel." *Id.* at PageID 52. Thus, the Court does not find that the Defendant will be prejudiced by allowing Plaintiff to proceed pseudonymously—at least at this juncture. *See Doe v. Mitchell*, No. 2:20-cv-00459, 2020 WL 6882601, at *6 (S.D. Ohio Nov. 24, 2020), *report and recommendation adopted*, No. 2:20-cv-00459, 2021 WL 2313436 (S.D. Ohio June 7, 2021) (finding private disclosure of a plaintiff's identity to defense counsel to be a sufficient measure to protect defendants from prejudice).

Moreover, while this Court recognizes the public's right to open judicial proceedings, that right is in the present case outweighed by the compelling interest that serves the public in granting the Motion in order to prevent a chilling effect on similar privacy litigation. As Plaintiff maintains, if forced to proceed without the benefit of pseudonymity, Plaintiff and

others "would be confronted with a cruel choice: either forego seeking recompense for the violation of privacy they have suffered, or experience a second, self- incurred privacy injury by filing suit within a publicly accessible, searchable docket." Doc. 2, PageID 53. Accordingly, because the privacy interests in this case substantially outweigh the presumption of openness of judicial proceedings, Plaintiff will be permitted to proceed by pseudonym.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed Pseudonymously (Doc. 2) is hereby **PRELIMINARILY GRANTED**. Absent a modification of this order as a result of any future objections lodged by Defendant, Defendant and its agents, including its attorneys, shall not make public the true name of Plaintiff, and any future necessary filing containing Plaintiff's true name shall be filed under seal. The caption of the case shall continue to reflect Plaintiff's name as "M. O."

**IT IS SO ORDERED.**

January 27, 2025

Jeffery P. Hopkins
United States District Judge