**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| M.O., *on behalf of herself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BRIGHTVIEW LLC d/b/a BRIGHTVIEW HEALTH,<br><br>Defendant. | Civil Case No. 1:25-cv-00015-JPH<br><br>Hon. Jeffery P. Hopkins<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT BRIGHTVIEW LLC d/b/a BRIGHTVIEW HEALTH'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant BrightView LLC d/b/a BrightView Health ("BrightView") respectfully moves the Court to dismiss Plaintiff's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff fails to allege—and cannot allege—that she has standing to maintain her claims in federal court. Alternatively, BrightView moves the Court to dismiss Plaintiff's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state—and cannot state—a claim upon which relief can be granted. The grounds supporting this motion are set forth in the following Memorandum of Law.

Dated: May 6, 2025 Respectfully submitted,

By: /s/ *Alan H. Abes*

Jeffrey P. Hinebaugh (Ohio Bar. No. 0059888)
Alan H. Abes (Ohio Bar No. 0062423)
DINSMORE & SHOHL LLP
255 E. 5th St., Ste. 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
jeff.hinebaugh@dinsmore.com
alan.abes@dinsmore.com

*Trial Attorneys for BrightView Health*

Sean G. Wieber (admitted *pro hac vice*)
Kevin P. Simpson (*pro hac vice* forthcoming)
James W. Randall (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
SWieber@winston.com
KPSimpson@winston.com
JWRandall@winston.com

*Counsel for BrightView Health*

# MEMORANDUM OF LAW

## TABLE OF CONTENTS AND SUMMARY OF ARGUMENTS

INTRODUCTION .......... 1

The Court should dismiss Plaintiff's Complaint with prejudice. Plaintiff claims that BrightView used a pixel embedded in its appointment scheduling webpage (the "Pixel") to track the fact that she scheduled an appointment with BrightView and to transmit that fact to Google. But because the facts alleged in the Complaint establish only that the Pixel tracked transmitted the fact that the webpage was viewed—not that an appointment was scheduled, let alone the contents of such a request—Plaintiff fails to allege (and cannot truthfully allege) an injury cognizable under Article III or actionable under applicable law. Accordingly, the Complaint should be dismissed with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

ARGUMENT .......... 3

I. Plaintiff's claims should be dismissed under Rule 12(b)(1) for lack of standing because she did not suffer any cognizable injury. .......... 3

A. Plaintiff fails to allege a cognizable injury. .......... 4

To adequately allege an injury-in-fact under Article III, Plaintiff must establish that the information allegedly transmitted to Google was private and sensitive in nature. *See, e.g.*, *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 65 (W.D. Pa. 2023). Plaintiff fails to satisfy this standard because the facts alleged in the Complaint do not establish that the Pixel transmitted the fact that Plaintiff supposedly requested an appointment with BrightView—let alone the contents of such a request. Rather, the facts alleged establish only that the Pixel transmitted the fact that the appointment scheduling webpage was viewed. Because such discrete browsing information is not private or sensitive in nature, Plaintiff has failed to allege a cognizable injury under Article III.

B. As a factual matter, Plaintiff did not suffer any cognizable injury. .......... 7

Plaintiff cannot allege an Article III injury-in-fact because the Pixel did not actually transmit the fact that she supposedly requested an appointment with BrightView (or the contents of such a request). Rather, the Pixel transmitted only the fact that the scheduling webpage was viewed.

II. Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. .......... 9

A. Count I: Plaintiff fails to plead a claim of intrusion upon seclusion. .......... 9

1. Plaintiff's claim is time-barred. .......... 9

Actions for intrusion upon seclusion must be commenced within one year after the alleged intrusion occurs. *See* 42 Pa. Cons. Stat. § 5523; *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021). Plaintiff alleges that she visited BrightView's website in or around January 2023 and immediately began seeing targeted online advertisements as a result. Compl., ECF No. 1 at Page ID 4-5, ¶¶ 14, 17. Accordingly, the limitations period expired in or around January 2024, and Plaintiff's claim, filed on January 15, 2025, is untimely.

2. Plaintiff fails to plausibly allege any "intrusion" by BrightView............ 10

To state a claim for intrusion upon seclusion, Plaintiff must allege that BrightView affirmatively invaded her private domain. The alleged "intrusion" here consists of BrightView's alleged tracking and transmission of Plaintiff's activity on BrightView's website (Compl., ECF No. 1 at PageID 29, ¶ 104), which is not Plaintiff's private domain. *Steinberg v. CVS Caremark Corp.*, 899 F. Supp. 2d 331, 342 (E.D. Pa. 2012). Moreover, *disclosure* of private information to third parties under these circumstances is not an *intrusion* as a matter of law. *Id.* at 342–43.

3. Plaintiff fails to plausibly allege that any "intrusion" was substantial and highly offensive. ....................................................................... 11

To be actionable, the law requires that the alleged intrusion be substantial and highly offensive. The facts alleged in the Complaint, however, establish only that the Pixel transmitted to Google the fact that a particular webpage was viewed (*see supra* Section I(A)), which is not substantial or highly offensive conduct. *See Cook*, 689 F. Supp. 3d at 72.

4. Plaintiff fails to plead any cognizable damages...................................... 12

Plaintiff must allege cognizable damages to state a claim for intrusion upon seclusion. *Murphy v. Thomas Jefferson Univ. Hosps.*, 2023 WL 7017734, at *7 (E.D. Pa. Oct. 10, 2023). Plaintiff's allegations that she suffered mental and emotional harms (Compl., ECF No. 1 at PageID 4, ¶ 11) are too vague and conclusory to be actionable. *See Murphy*, 2023 WL 7017734, at *5–7. Likewise, her allegations that she did not receive the full value of the medical services she deserved (Compl., ECF No. 1 at PageID 4, 31, ¶¶ 11, 123) are insufficient because (1) she does not actually allege that she paid BrightView for any treatment, and (2) "benefit of the bargain" damages are not recoverable in tort. *See Murphy*, 2023 WL 7017734, at *5–7. And Plaintiff's allegations that her information's value is diminished (Compl., ECF No. 1 at PageID 22, ¶ 73) are inadequate as well because it is not plausible that the alleged disclosure to Google would have any impact on an entirely theoretical later sale of her information to another entity.

B. Counts II, III, IV, and V: Plaintiff's claims for breach and negligence should be dismissed because (i) she fails to allege that BrightView disclosed her confidential information and (ii) she fails to allege damages. ............................. 14

To state these common law claims, Plaintiff must allege that BrightView breached a duty owed to her. *See Emmes Co., LLC v. SAP Am., Inc.*, 2021 WL 1696304, at *5 (E.D. Pa. Apr. 29, 2021); *Dille v. Geer*, 2020 WL 7624835, at *10 (E.D. Pa. Dec. 22, 2020); *Doe v. Post Acute Med., LLC*, 2025 WL 511069, at *9 (M.D. Pa. Feb. 14, 2025). Even if BrightView had a duty to safeguard Plaintiff's confidential medical information, as Plaintiff claims, Plaintiff has failed to

establish a breach of this duty: The facts alleged in the Complaint do not establish that the Pixel tracked the fact that she scheduled an appointment and transmitted that information to Google. *See supra* Section I(A). Rather, the facts alleged only establish that the Pixel tracked and transmitted the fact that a webpage was visited, which is not a breach of any duty owed to Plaintiff. Plaintiff has also failed to allege cognizable damages for these claims for the same reasons she has failed to do so for her claim for intrusion upon seclusion. *See supra* Section II(A)(4).

C. Count V: Plaintiff's claim for breach of implied contract also fails because Plaintiff fails to plausibly allege the existence of a valid implied contract. ......... 16

To state a breach of implied contract claim, Plaintiff must allege the existence of a valid contract between her and BrightView, including that BrightView gave consideration in exchange for her alleged agreement to provide her personal information to BrightView. *Post Acute Med.*, 2025 WL 511069, at *9; *G.S. v. Rose Tree Media Sch. Dist.*, 914 F.3d 206, 210 (3d Cir. 2018). Plaintiff alleges that BrightView impliedly agreed not to disclose her sensitive health information. Compl., ECF No. 1 at PageID 34, ¶ 140. But an agreement lacks consideration if one of the parties is already legally bound to render the performance promised. *Fortwangler v. Workers' Comp. Appeal Bd. (Quest Diagnostics)*, 113 A.3d 28, 35 (Pa. Commw. Ct. 2015). And the Complaint's allegations establish that BrightView was already under a preexisting statutory duty to refrain from disclosing sensitive medical information to third parties. Compl., ECF No. 1 at PageID 19, ¶ 58.

D. Count VI: Plaintiff fails to state a claim of unjust enrichment. ............................ 17

To state an unjust enrichment claim, Plaintiff must allege that she conferred a benefit on BrightView for which she reasonably could have expected to be compensated. *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008); *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1034 (Pa. 2018). Plaintiff alleges that the provision of the fact that she scheduled an appointment—her so-called "Sensitive Information"—to BrightView was a "benefit"; however, she fails to allege facts establishing that this information has any inherent value to BrightView. *See Tignor v. Dollar Energy Fund, Inc.*, 745 F. Supp. 3d 189, 205–06 (W.D. Pa. 2024). Further, the alleged facts in the Complaint do not plausibly establish that BrightView enriched itself by not spending the costs it reasonably should have to prevent the disclosure of this information to Google. *Id.* Moreover, Plaintiff fails to allege facts that plausibly establish that she expected compensation from BrightView. Indeed, according to Plaintiff, she was unaware that BrightView was allegedly disclosing her information to Google. *See, e.g.*, Compl., ECF No. 1 at PageID 20, ¶ 65.

E. Count VII: Plaintiff fails to state a claim for violation of the ECPA.................... 20

1. Plaintiff does not plead a "communication" or "contents." ...................... 20

To state a claim under the Electronic Communications Privacy Act, Plaintiff must allege that BrightView intercepted or disclosed the "contents" of an "electronic communication." *Smart v. Main Line Health*, 2024 WL 2943760, at *3 (E.D. Pa. June 10, 2024). Plaintiff alleges that BrightView intercepted her request to schedule an appointment with BrightView and disclosed that fact to Google. Compl., ECF No. 1 at PageID 38, ¶ 168. But the facts alleged in the Complaint do not establish that the Pixel intercepted or disclosed that information. *See supra* Section I(A).

Rather, the facts alleged in the Complaint establish only that the Pixel tracked and transmitted the fact that the appointment scheduling webpage was viewed. *Id.* Plaintiff does not—and cannot—allege such browsing information is an "electronic communication."

Further, Plaintiff cannot allege that BrightView intercepted or disclosed the "contents" of her request to schedule an appointment. The term "contents" refers to the intended message conveyed by the communication and does not include "record" information regarding the characteristics of the message. *Burns v. Heyns*, 2015 WL 4391983, at *17 (W.D. Mich. July 15, 2015) (quoting *Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*, 750 F.3d 1098, 1107 (9th Cir. 2014)). The facts alleged in the Complaint establish that the only information the Pixel conveyed about Plaintiff's activity on the BrightView website was information about the webpages viewed, such as URLs and page titles, which are quintessential examples of record information. *See Cook*, 689 F. Supp. 3d at 68–69.

2. The "one party consent" rule bars Plaintiff's ECPA claim....................... 22

The ECPA exempts a party to a communication from liability unless the plaintiff can show that the communication was intercepted or disclosed for the purpose of committing a criminal or tortious act. *See* 18 U.S.C. § 2511(2)(d). Plaintiff alleges that BrightView tracked and transmitted to Google her communications *with BrightView*. Compl., ECF No. 1 at PageID 38, ¶¶ 166–169. Accordingly, BrightView was a party to the communication and is therefore presumptively exempt from liability.

Moreover, Plaintiff fails to allege facts plausibly demonstrating that BrightView's purpose in allegedly tracking and transmitting her communications was criminal or tortious. Plaintiff alleges baldly that BrightView's "acquisition of sensitive communications that were used and disclosed to Google was done for the purpose of committing criminal and tortious acts[.]" Compl., ECF No. 1 at PageID 38, ¶ 174. But Plaintiff cannot assert the crime-tort exception simply by arguing that BrightView's conduct was illegal or tortious; rather, Plaintiff must establish that BrightView's purpose was criminal or tortious. *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *7 (N.D. Cal. Apr. 2, 2025). And Plaintiff's own allegations establish that BrightView's purpose was to improve BrightView's marketing efforts and, ultimately, to increase profitability—not to perpetuate crimes or torts. *See, e.g.*, Compl., ECF No. 1 at PageID 3, ¶¶ 8, 179.

F. Count VIII: Plaintiff fails to state a claim for violation of the WESCA............... 24

Like the ECPA, the Pennsylvania Wiretapping and Electronic Surveillance Control Act requires a plaintiff to allege the interception of the "contents" of an "electronic communication." *See Cook*, 689 F. Supp. 3d at 68. Because their prohibitions and terms are substantially the same, courts interpret the WESCA consistently with the ECPA. *Id.* at n.6. For the reasons explained in Section II(E)(1), therefore, Plaintiff does not allege that BrightView intercepted a "communication" or the "contents" thereof under the ECPA. Thus, Plaintiff's WESCA claim should be dismissed on the same basis.

G. Count IX: Plaintiff fails to state a UTPCPL claim. ............................................. 24

1. Element 1: Plaintiff does not allege a purchase or lease of goods or services. ........ 25

To have statutory standing to bring a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Plaintiff must allege that she purchased or leased goods or services from BrightView. *See* 73 Pa. Cons. Stat. § 201-9.2(a); *Branche v. Wells Fargo Home Mortg., Inc.*, 624 F. App'x 61, 64 (3d Cir. 2015). Although Plaintiff alleges that she requested an appointment with BrightView, Plaintiff does not allege that she ever attended an appointment—let alone paid BrightView for any services. Accordingly, Plaintiff fails to plead that she has statutory standing to bring a UTPCPL claim.

2. Element 3: Plaintiff does not plausibly allege an ascertainable loss of money or property. ........ 25

Plaintiff must allege facts plausibly establishing a loss of money or property to state an UTPCPL claim. *See Post Acute Med.*, 2025 WL 511069, at *6. Plaintiff alleges vaguely that the personal information allegedly tracked and transmitted by the Pixel may have value to certain companies. Compl., ECF No. 1 at PageID 21–22, ¶¶ 69–73. But because Plaintiff does not (and cannot) allege that her information is no longer as valuable to other companies as a result of the alleged disclosure—let alone that such a reduction in value is ascertainable—Plaintiff fails to plausibly allege this element.

3. Element 4: Plaintiff does not allege an unlawful or deceptive act by BrightView. ........ 26

To state a UTPCPL claim, Plaintiff must allege that BrightView's unlawful, deceptive conduct caused her loss, which necessarily requires her to plead justifiable reliance on BrightView's representations. *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) (citing 73 Pa. Cons. Stat. § 201-9.2(a)); *Post Acute Med.*, 2025 WL 511069, at *14 (citing *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008)). Plaintiff alleges that BrightView falsely promised not to disclose her confidential medical information to third parties like Google. Compl., ECF No. 1 at PageID 42–43, ¶ 193. But because the facts alleged in the Complaint do not establish that BrightView failed to keep that promise, Plaintiff has failed to allege any deceptive conduct by BrightView. Regardless, Plaintiff fails to allege justifiable reliance because she fails to plausibly allege that she read and relied on BrightView's privacy policy.

H. Count X: Plaintiff fails to state a CSPA claim. ........ 27

1. Plaintiff does not plausibly allege a "consumer transaction." ........ 27

To state a claim under the Ohio Consumer Sales Practices Act, Plaintiff must allege that she and Brightview engaged in a "consumer transaction," which the statute defines, in relevant part, as "a sale . . . other transfer of . . . a service . . . to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Rev. Code Ann. § 1345.01(A). Consumer transactions do not include "transactions between . . . physicians . . . and their . . . patients." *Id.* Plaintiff alleges baldly that BrightView engaged in a

"consumer transaction" with her by "solicit[ing]" her on its website to seek addiction treatment services. Compl., ECF No. 1 at PageID 44, ¶ 199. However, Plaintiff does not allege any facts establishing any such solicitation. *See Ferron v. Dish Network, LLC*, 961 N.E.2d 705, 713, 195 Ohio App. 3d 686, 2011-Ohio-5235 (Ohio App. Ct. 2011). Moreover, any interaction between Plaintiff and BrightView concerning the prospective provision of medical care falls into the physician-patient exemption.

2. Plaintiff does not plausibly allege an "unfair," "deceptive," or "unconscionable" act. ..................................................................... 28

To state a CSPA claim, Plaintiff must plausibly allege that BrightView engaged in an unfair, deceptive, or unconscionable act. *Lambright v. New Age Dome Constr., LLC*, 2025 WL 580985, at *5 (N.D. Ohio Feb. 21, 2025) (citing *Einhorn v. Ford Motor Co.*, 548 N.E.2d 933, 935, 48 Ohio St. 3d 27 (Ohio 1990) (in turn citing Ohio Rev. Code §§ 1345.02 and 1345.03)). Plaintiff alleges that BrightView violated the CSPA by "[f]alsely promising that it would keep confidential and not disclose" Plaintiff's sensitive health information. Compl., ECF No. 1 at PageID 44, ¶ 200. Again, however, the facts in the Complaint fail to establish that BrightView disclosed any sensitive medical information to Google. *See supra* Section I(A). At most, the facts establish that BrightView informed Google that Plaintiff visited a certain webpage on BrightView's website. Transmission of such innocuous browsing information is commonplace and not "unfair," "deceptive," or "unconscionable." *See Cook*, 689 F. Supp. 3d at 65.

CONCLUSION........................................................................................................... 28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arndt v. Gov't Emps. Ins. Co.*,
750 F. Supp. 3d 518 (D. Md. 2024) ....................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................9

*Boring v. Google Inc.*,
362 F. App'x 273 (3d Cir. 2010) ....................10, 11, 24

*Boring v. Google, Inc.*,
598 F. Supp. 2d 695 (W.D. Pa. 2009) ....................19

*In re BPS Direct, LLC*,
705 F. Supp. 3d 333 (E.D. Pa. 2023) ....................3, 5, 6, 7

*Branche v. Wells Fargo Home Mortg., Inc.*,
624 F. App'x 61 (3d Cir. 2015) ....................25

*Burger v. Blair Med. Assocs., Inc.*,
A.2d 374, 378 (Pa. 2009) ....................11

*Burns v. Heyns*,
2015 WL 4391983 (W.D. Mich. July 15, 2015) ....................21

*Christian Healthcare Ctrs., Inc. v. Nessel*,
117 F.4th 826 (6th Cir. 2024) ....................3, 4

*Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*,
194 A.3d 1010 (Pa. 2018) ....................17, 19

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) .................... *passim*

*Dille v. Geer*,
2020 WL 7624835 (E.D. Pa. Dec. 22, 2020) ....................15

*Dinerstein v. Google, Ltd. Liab. Co.*,
484 F. Supp. 3d 561 (N.D. Ill. 2020) ....................10, 11

*Doe v. Post Acute Med., LLC*,
2025 WL 511069 (M.D. Pa. Feb. 14, 2025) ....................15, 16, 25, 26

*Einhorn v. Ford Motor Co.*,
548 N.E.2d 933, 48 Ohio St. 3d 27 (Ohio 1990) ....................27

*Emmes Co., LLC v. SAP Am., Inc.*,
2021 WL 1696304 (E.D. Pa. Apr. 29, 2021) ....................14

*Ferron v. Dish Network, LLC*,
961 N.E.2d 705, 195 Ohio App. 3d 686, 2011-Ohio-5235 (Ohio App. Ct. 2011) ....................27

*Fortwangler v. Workers' Comp. Appeal Bd. (Quest Diagnostics)*,
113 A.3d 28 (Pa. Commw. Ct. 2015) ....................16

*G.S. v. Rose Tree Media Sch. Dist.*,
914 F.3d 206 (3d Cir. 2018)....................16

*Gabriel v. Giant Eagle, Inc.*,
124 F. Supp. 3d 550 (W.D. Pa. 2015)....................17, 18, 19

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015)....................21, 22

*In re Google Inc. Gmail Litig.*,
2014 WL 1102660 (N.D. Cal. Mar. 18, 2014)....................23

*Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*,
750 F.3d 1098 (9th Cir. 2014) ....................21

*H&N Realty, Inc. v. Travelers Indem. Co. of Am.*,
2021 WL 1192976 (E.D. Mich. Mar. 30, 2021) ....................4

*Harris by Harris v. Easton Publ'g Co.*,
483 A.2d 1377 (Pa. Super. Ct. 1984)....................11

*Hunt v. U.S. Tobacco Co.*,
538 F.3d 217 (3d Cir. 2008)....................25

*Ingrao v. Addshoppers, Inc.*,
2024 WL 4892514 (E.D. Pa. Nov. 25, 2024) ....................6

*Kaltenbach v. Hilliard City Sch.*,
730 F. Supp. 3d 699 (S.D. Ohio 2024) ....................3, 4

*Kelly v. Progressive Advanced Ins. Co.*,
159 F. Supp. 3d 562 (E.D. Pa. 2016) ....................25

*Kurowski v. Rush Sys. for Health*,
683 F. Supp. 3d 836 (N.D. Ill. 2023) ....................11

*Lakes v. Ubisoft, Inc.*,
2025 WL 1036639 (N.D. Cal. Apr. 2, 2025) ....................22, 23

*Lambright v. New Age Dome Constr., LLC*,
2025 WL 580985 (N.D. Ohio Feb. 21, 2025) ....................27

*Massie v. Gen. Motors LLC*,
2022 WL 534468 (D. Del. Feb. 17, 2022) ....................6

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
2023 WL 7017734 (E.D. Pa. Oct. 10, 2023) .................... *passim*

*In re Nickelodeon Consumer Priv. Litig.*,
2014 WL 3012873 (D.N.J. July 2, 2014) ....................21

*Pellegrino v. Epic Games, Inc.*,
451 F. Supp. 3d 373 (E.D. Pa. 2020) ....................17, 18, 19

*Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*,
809 A.2d 243 (Pa. 2002) ....................10, 11

*Rice v. Diocese of Altoona-Johnstown*,
255 A.3d 237 (Pa. 2021) ....................10

*Roberts v. Charlotte Mecklenburg Hosp. Auth.*,
2025 WL 880538 (W.D.N.C. Mar. 20, 2025) ....................23

*In re Samsung Data Sec. Breach Litig.*,
2024 U.S. Dist. LEXIS 235413 (D.N.J. Dec. 11, 2024) ....................14

*Santoro v. Tower Health*,
2024 WL 1773371 (E.D. Pa. Apr. 24, 2024) ....................12

*SKF USA v. Workers' Comp. Appeal Bd. (Smalls)*,
714 A.2d 496 (Pa. Commw. Ct. 1998) ....................16

*Smart v. Main Line Health*,
2024 WL 2943760 (E.D. Pa. June 10, 2024) ....................12, 20

*Sovereign Bank v. BJ's Wholesale Club, Inc.*,
533 F.3d 162 (3d Cir. 2008) ....................17, 18

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ....................4

*Steinberg v. CVS Caremark Corp.*,
899 F. Supp. 2d 331 (E.D. Pa. 2012) ....................10, 11

*Sturgill v. Am. Red Cross*,
114 F.4th 803 (6th Cir. 2024) ....................9

*Sussman v. Am. Broad. Cos., Inc.*,
186 F.3d 1200 (9th Cir. 1999) ....................23

*T.D. v. Piedmont Healthcare, Inc.*,
2024 WL 3972984 (N.D. Ga. Aug. 28, 2024) ....................15

*Tignor v. Dollar Energy Fund, Inc.*,
745 F. Supp. 3d 189 (W.D. Pa. 2024)....................18

*United States v. Ritchie*,
15 F.3d 592 (6th Cir. 1994) ....................3

*Ward v. Nat'l Patient Account Servs. Sols.*,
9 F.4th 357 (6th Cir. 2021) ....................4

**Statutes**

18 Pa. Cons. Stat. § 5702 ....................24

42 Pa. Cons. Stat. § 5502(a)....................10

42 Pa. Cons. Stat. § 5523 ....................10

73 Pa. Cons. Stat. § 201-9.2(a) ....................25

18 U.S.C. § 2510(8) ....................20, 24

18 U.S.C. § 2511(2)(d) ....................22

Ohio Rev. Code Ann. § 1345.01(A) ....................27

Ohio Rev. Code Ann. § 1345.02....................27

Ohio Rev. Code Ann. § 1345.03....................27

**Other Authorities**

42 C.F.R. Part 2....................17, 28

Fed. R. Civ. P. 12(b)(1)....................2, 3, 7, 8

Fed. R. Civ. P. 12(b)(6)....................3, 9

Restatement (Second) of Torts § 652B cmt. c ....................10

U.S. Const. art. III....................2, 4, 6, 29

## INTRODUCTION

The Court should dismiss the Complaint with prejudice. Plaintiff accuses Defendant BrightView LLC d/b/a BrightView Health ("BrightView"), a provider of addiction treatment services, of disclosing her sensitive information to Google. But that baseless accusation is unsupported by the *facts* alleged in the Complaint, in contrast with Plaintiff's sensationalistic rhetoric and misleading labels. Indeed, the only conduct plausibly alleged in the Complaint is that BrightView disclosed to Google that Plaintiff viewed a particular webpage on BrightView's website. That alleged conduct is unequivocally lawful, and courts across the country have rejected any contention otherwise. This Court should do the same.

The crux of Plaintiff's Complaint is that BrightView used a Google Analytics "pixel" embedded in its appointment scheduling webpage (the "Pixel") to provide nonparty Google with Plaintiff's "Sensitive Information." Compl., ECF No. 1 at PageID 2, ¶ 3. That phrase carries loaded connotations, but Plaintiff's narrow definition of that term is far less sensational. According to Plaintiff, she visited BrightView's website in January 2023 and made a request to schedule an appointment for addiction treatment services by submitting an online form.[1] *Id.* at PageID 4, ¶ 14. During Plaintiff's website visit, the Pixel allegedly disclosed to Google the fact that she was scheduling an appointment, which Plaintiff defines as her "Sensitive Information." *Id.* at PageID 2, 15, ¶¶ 3, 53.

However, the details underlying that general allegation are critical: what *specific information* did BrightView allegedly disclose—and equally important, *not* disclose—to Google? Plaintiff does *not* allege that BrightView disclosed any contents of the scheduling form, such as information about Plaintiff's addiction or the treatment she sought. Plaintiff does *not* allege that

---

[1] BrightView refers to Plaintiff as "she" and "her," as Plaintiff did in her Motion to Proceed Pseudonymously. *See* ECF 2 and 2-1.

BrightView disclosed any of her financial information or personal information of any kind. And Plaintiff does *not* allege any facts establishing that BrightView disclosed the fact that Plaintiff (allegedly) completed the scheduling form or submitted a scheduling request.

Indeed, Plaintiff's only specific allegation comes in the form of a screenshot of "network transmission data" from BrightView's website (*id.* at PageID 15–16, ¶ 54 (Figure 1)), which Plaintiff claims "shows" the Pixel transmitting the fact that she requested an appointment. *Id.* at PageID 15, ¶ 53. However, contrary to Plaintiff's conclusory claim, that screenshot shows only the Pixel transmitting the fact that a visitor *viewed* BrightView's appointment scheduling webpage. *Id.* at PageID 15–16, ¶ 54 (Figure 1). Under applicable law, such discrete browsing information is not "sensitive" in nature, and BrightView's alleged disclosure thereof is not a cognizable injury under Article III of the U.S. Constitution.

Moreover, this fundamental flaw in the Complaint is not merely a pleading defect that Plaintiff can cure. The truth is this: In January 2023, there was a Google Analytics tag (which Plaintiff refers to as the Pixel) on the appointment scheduling webpage of BrightView's website. However, the Pixel was not configured to transmit the fact that an appointment was scheduled. Rather, as Plaintiff's own allegations establish, the Pixel was configured to transmit the fact that the appointment scheduling webpage was viewed. Those facts are confirmed in the attached declaration from BrightView's Chief Operating Officer, which the Court may consider in deciding BrightView's factual challenge to Plaintiff's Article III standing.

Accordingly, the Court should dismiss Plaintiff's claims with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction because she fails to plead any injury-in-fact sufficient to confer standing under Article III of the U.S. Constitution. *See infra* Section I(A). Additionally, the Court should reach the same result under BrightView's factual challenge to

Plaintiff's standing. *See infra* Section I(B). Alternatively, for the same reason and other reasons set forth below, the Court should dismiss each of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See infra* Section II.

## ARGUMENT

### I. Plaintiff's claims should be dismissed under Rule 12(b)(1) for lack of standing because she did not suffer any cognizable injury.

The Court should dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff does not plausibly allege—and does not actually have—standing to maintain her claims in federal court. "For a federal court to exercise subject matter jurisdiction over a case, a plaintiff must have standing to sue." *Christian Healthcare Ctrs., Inc. v. Nessel*, 117 F.4th 826, 842 (6th Cir. 2024); *see also Kaltenbach v. Hilliard City Sch.*, 730 F. Supp. 3d 699, 702 (S.D. Ohio 2024) ("If a plaintiff lacks standing, then the federal court lacks jurisdiction."). Further, in the context of a putative class action, if the only named plaintiff lacks standing, the court lacks subject matter jurisdiction over the class action. *See In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 349 (E.D. Pa. 2023) ("[O]ur standing inquiry focuses solely on the class representative(s)."). For that reason, this Motion addresses only the allegations relating specifically to Plaintiff.

In a Rule 12(b)(1) motion to dismiss, a defendant may challenge a plaintiff's standing on facial grounds, factual grounds, or both. *See Kaltenbach*, 730 F. Supp. 3d at 702 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A facial attack under Rule 12(b)(1) challenges the legal sufficiency of the plaintiff's jurisdictional allegations. *Id.* A factual attack, on the other hand, challenges "the existence of the factual predicates for subject matter jurisdiction," and the court may consider evidence submitted by the parties. *Id.*

Regardless of whether the attack is facial or factual, the burden is on the *plaintiff* to establish standing. *Id.* ("The burden is on the party invoking federal jurisdiction to demonstrate

Article III standing."). To survive a facial challenge, the plaintiff must *allege* facts plausibly establishing standing. *See Christian Healthcare Ctrs.*, 117 F.4th at 842 (citation omitted). To survive a factual challenge, however, a plaintiff must *prove* standing by a preponderance of the evidence. *See Kaltenbach*, 730 F. Supp. 3d at 702; *H&N Realty, Inc. v. Travelers Indem. Co. of Am.*, 2021 WL 1192976, at *2 (E.D. Mich. Mar. 30, 2021) (applying preponderance-of-the-evidence standard to a factual standing challenge).

BrightView raises both facial and factual challenges to Plaintiff's standing. Facially, for the reasons explained below, the Complaint's allegations fail to plausibly establish that Plaintiff suffered an injury in fact—an essential element of Article III standing. *See Ward v. Nat'l Patient Account Servs. Sols.*, 9 F.4th 357, 360 (6th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Factually, Plaintiff cannot rectify this pleading deficiency because the evidence firmly establishes that Plaintiff in fact lacks standing. Accordingly, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

**A. Plaintiff fails to allege a cognizable injury.**

The Complaint's allegations do not plausibly establish that Plaintiff has suffered an injury in fact—an essential element of Article III standing. Plaintiff asserts ten claims under the common law and various statutes. Her claims fall into two general categories: (1) disclosure of private information (Counts I, II, III, IV, V, VI, VII, IX, and X) and (2) intrusion into or interception of private communications (Counts VI, VII, and VIII). When a plaintiff asserts those two types of privacy violations, "the Court must examine the nature of the information that [the defendant] allegedly intercepted [or disclosed] and determine whether the interception [or disclosure] of that kind of information amounts to an invasion of privacy interests that have been historically protected." *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 65 (W.D. Pa. 2023). Thus, courts focus

on the information itself—not the circumstances of the intrusion or disclosure—to determine whether an injury occurred. *See id.* ("The requirement of private facts or private affairs in both [categories of violations] confirms that the nature of the information is paramount."); *BPS Direct*, 705 F. Supp. 3d at 347–53 ("The protections which existed traditionally at common law existed only as to private information."); *Arndt v. Gov't Emps. Ins. Co.*, 750 F. Supp. 3d 518, 527 (D. Md. 2024) ("[F]or Plaintiff's intangible injury to be sufficiently concrete, he must establish that he had a reasonable expectation of privacy in the communications . . . .").

Here, the limited information that BrightView allegedly tracked and transmitted to Google is not sufficient to confer standing. Plaintiff alleges that she visited BrightView's website on her personal electronic device and made a request to schedule an appointment through an online form on the appointment scheduling webpage. Compl., ECF No. 1 at PageID 4, ¶ 14. Conspicuously, Plaintiff does *not* allege that the Pixel tracked or transmitted any of the request's *contents*, such as the nature of her alleged addiction or the type of treatment sought. For instance, while Plaintiff's Motion to Proceed Pseudonymously contains detailed information about her history of substance abuse, treatment, and medication (*see* Decl. of Sonjay C. Singh, ECF No. 2-1 at PageID 57, ¶¶ 2–5), none of that information was allegedly disclosed to Google. Rather, Plaintiff alleges only that the Pixel "transmit[s] the ***fact*** that the user is scheduling an appointment for Defendant's addiction rehabilitation treatment to Google." Compl., ECF No. 1 at PageID 15, ¶ 53 (emphasis added); *see also id.* at PageID 2, 4, ¶¶ 3, 14.

But crucially, Plaintiff fails to allege *how* the Pixel supposedly transmitted that "fact" to Google. Plaintiff points to Figure 1 of the Complaint, which she refers to as a "screenshot" of "network transmission data" from the Pixel. *Id.* at PageID 15, ¶ 53. That screenshot allegedly "shows" the fact quoted above. *Id.* at PageID 16, ¶ 54 (italicized text accompanying Figure 1).

Importantly, however, Plaintiff fails to identify *where* in the "network transmission data" the Pixel is supposedly transmitting that fact. Indeed, none of the lines Plaintiff highlights in Figure 1 suggest that an appointment was scheduled, a request was made, or a form was submitted. Rather, Figure 1 suggests only that the appointment scheduling webpage was *viewed*:

```
dl: https://www.brightviewhealth.com/scheduling/
dr: https://www.brightviewhealth.com/
dt: Scheduling - BrightView
en: page_view
```

*Id.* ¶ 54. Under Plaintiff's own allegations, Google would not know anything about Plaintiff's alleged substance addiction, or even that she has one. Accordingly, Plaintiff has failed to allege facts establishing that the Pixel disclosed her scheduling request to Google.[2]

As a result, Plaintiff has failed to allege standing. As a matter of law, the disclosure of a specific webpage visited by a person is not an injury-in-fact for purposes of Article III. *See BPS Direct*, 705 F. Supp. 3d at 353 (agreeing with defendants that "browsing activity is not sufficiently private to establish concrete harm"); *Massie v. Gen. Motors LLC*, 2022 WL 534468, at *2–3 (D. Del. Feb. 17, 2022) (holding that information about "date, time, and duration of a user's visit" to a particular web page as well as information about a user's browser and device did not implicate a privacy interest); *Ingrao v. Addshoppers, Inc.*, 2024 WL 4892514, at *8 (E.D. Pa. Nov. 25, 2024) ("internet browsing [does not] qualify as private or personal information"); *Arndt*, 750 F. Supp. 3d at 518 ("Plaintiff cannot establish a concrete injury based on Defendant's alleged collection of

[2] Figure 1 also contains additional "lines of code" that allegedly provided Plaintiff's unique "browser fingerprint" to Google. *See* Compl., ECF No. 1 at PageID 16, ¶ 54 and Figure 1 (first highlighted portion and "sid" line). But that dubious assertion, even if true, is not itself private information—that code merely allowed Google to (allegedly) identify Plaintiff and link her to the browsing history shown above. *See id.* Although BrightView disputes that any of the information transmitted by the Pixel is capable of identifying Plaintiff, BrightView is not contesting that allegation for purposes of this motion.

mere website activity, such as . . . content viewed by Plaintiff on Defendant's website.").

Here, Plaintiff's allegations are like those in *BPS Direct*, where the "website visitors [did] not have standing to sue under the wiretap statutes where they fail to identify the specific personal information captured by session replay code." *BPS Direct*, 705 F. Supp. 3d at 357. In fact, Plaintiff's allegations are *more* deficient than in *BPS Direct*, where the "session replay code" captured much more information than just a URL—specifically, "users' mouse movements, clicks, scrolls, zooms, window resizes, keystrokes, text entries, and other forms of a user's navigation and interaction through [defendants'] websites." *Id.* at 341.

Worse still, Plaintiff admits that she visited BrightView's website while she was logged into her Google account (Compl., ECF No. 1 at PageID 5, ¶ 16), and Figure 1 shows that *Plaintiff used Google's Chrome web browser*:

```
uafvl: Google%20Chrome;131.0.6778.70|Chromium;131.0.6778.70|Not_A%20Brand;24.0.0.0
```

*Id.* at PageID 16, ¶ 54 (Figure 1). Thus, BrightView only "disclosed" to Google the very same information that Plaintiff disclosed to Google herself—the webpage that she visited using Google's browser while logged into her Google account. Plaintiff cannot claim that she had a reasonable expectation that this information would be kept private from Google.

Because Plaintiff fails to allege a cognizable injury in fact, the Court should dismiss her claims for lack of standing under Rule 12(b)(1).

**B. As a factual matter, Plaintiff did not suffer any cognizable injury.**

Plaintiff's failure to allege a cognizable injury is not a mere pleading deficiency: she cannot truthfully allege that BrightView disclosed to Google the fact that she made a request to schedule an appointment with BrightView—let alone the contents of such a request. It is true that, in January 2023, there was a Google Analytics tag (which Plaintiff refers to as the Pixel) on the

appointment scheduling webpage on BrightView's website. *See* Ex. 1, Jackson Decl., ECF No. 13-1 at Page ID 2, ¶ 4. However, the Pixel was not configured to record or transmit any of the following information about a visitor to BrightView's website: (1) whether the visitor *filled out* the appointment scheduling form (in part or in full), (2) the contents of any information entered into the form, or (3) whether the visitor *submitted* the appointment scheduling form to request an appointment. *Id.* Rather, the Pixel was configured to transmit only that the appointment scheduling webpage was viewed. *Id.* Those facts are confirmed by BrightView's Chief Operating Officer. *See id.*

Moreover, contrary to Plaintiff's suggestion, Figure 1 does not support her conclusory assertion that the Pixel "transmit[s] the fact that the user is scheduling an appointment." Compl., ECF No. 1 at PageID 15, ¶ 53. Figure 1 reflects the information—a.k.a., the "payload"—transmitted to Google by the Pixel when a website visitor *views* BrightView's appointment scheduling webpage. *See* Ex. 1, Jackson Decl., ECF No. 13-1 at Page ID 2–3, ¶ 7. The payload includes the URL of the webpage opened ("dl:"); the webpage that routed the visitor to the current webpage ("dr:"); and the title of the current webpage ("dt:"). *Id.* The payload does *not* include any information that a visitor may have entered into the online form on the appointment scheduling webpage. *Id.* Nor does the payload indicate whether the form was ultimately submitted. *Id.* Thus, Figure 1 shows that the Pixel transmits only the fact that the appointment scheduling webpage was viewed.

Because Plaintiff did not, as a factual matter, suffer any cognizable injury, the Court should dismiss her claims with prejudice under Rule 12(b)(1).

## II. Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

"To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and to state a 'claim to relief that is plausible on its face.'" *Sturgill v. Am. Red Cross*, 114 F.4th 803, 807 (6th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "If a plaintiff does not 'nudge[] the[] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Plaintiff asserts ten common law and statutory claims: intrusion upon seclusion (Count I); breach of confidence (Count II); breach of fiduciary duty (Count III); negligence (Count IV); breach of implied contract (Count V); unjust enrichment (Count VI); violation of the federal Electronic Communications Privacy Act ("ECPA") (Count VII); violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA") (Count VIII); violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count IX); and violation of Ohio's Consumer Sales Practices Act ("CSPA") (Count X). For the reasons explained below, the Court should dismiss each of Plaintiff's counts under Rule 12(b)(6) for failure to state a claim.

### A. Count I: Plaintiff fails to plead a claim of intrusion upon seclusion.

The Court should dismiss Plaintiff's claim for intrusion upon seclusion for four reasons: (1) the claim is barred by Pennsylvania's one-year statute of limitations; (2) Plaintiff fails to allege *any* intrusion by BrightView; (3) Plaintiff fails to allege a "substantial or highly offensive" intrusion; and (4) Plaintiff fails to plead any cognizable damages.

#### 1. Plaintiff's claim is time-barred.

Under Pennsylvania law, actions for "invasion[s] of privacy," such as intrusion upon

seclusion, "must be commenced within one year." 42 Pa. Cons. Stat. § 5523. The limitations period begins at "the time the cause of action accrue[s]." *Id.* § 5502(a). "Normally, a cause of action accrues 'when an injury is inflicted.'" *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021) (quotation omitted).

Here, Plaintiff alleges that she visited BrightView's website "[i]n or around January 2023" and "*immediately* began seeing targeted online advertisements" as a result. Compl., ECF No. 1 at Page ID ¶¶ 14, 17 (emphasis added). Accordingly, the limitations period expired "in or around" January **2024**. Plaintiff's claim, which was filed on January 15, **2025**, is time-barred and should be dismissed with prejudice on that basis.[3]

**2. Plaintiff fails to plausibly allege any "intrusion" by BrightView.**

To state a claim for intrusion upon seclusion, Plaintiff must plausibly allege BrightView engaged in "an intentional intrusion upon the seclusion of [her] private concerns." *Boring v. Google Inc.*, 362 F. App'x 273, 278–79 (3d Cir. 2010) (quoting *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 247 (Pa. 2002)). This element requires the plaintiff to establish that the defendant has "intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *Steinberg v. CVS Caremark Corp.*, 899 F. Supp. 2d 331, 342 (E.D. Pa. 2012) (citing the Restatement (Second) of Torts § 652B cmt. c); *see also Dinerstein v. Google, Ltd. Liab. Co.*, 484 F. Supp. 3d 561, 594 (N.D. Ill. 2020) (noting that "the core of this tort is the offensive prying into the private domain of another"). Thus, a plaintiff cannot state a claim without allegations establishing affirmative, intrusive conduct into

[3] BrightView notes that Plaintiff's claims for breach of confidence (Count II), breach of fiduciary duty (Count III), negligence (Count IV), violation of the ECPA (Count VII), violation of the WESCA (Count VIII), and violation of the CSPA (Count X) all have *two-year* limitations periods. Thus, those claims would be time-barred if Plaintiff visited BrightView's website before January 15, 2023 (two years before filing suit). Yet Plaintiff declines to identify the specific date in January 2023 when she allegedly visited the website, perhaps in an attempt to artfully plead around a limitations defense. *See* Compl., ECF No. 1 at PageID 4–5, ¶¶ 14, 17 (alleging a visit "in or around January 2023").

a private area.

Plaintiff fails to allege such an intrusion here. The alleged "intrusion" occurred by BrightView *on BrightView's own website*. *See* Compl., ECF No. 1 at PageID 29, ¶ 104. Plaintiff fails to allege—and cannot allege—that BrightView's website is a "private place" or "private domain" of Plaintiff. *See Steinberg*, 899 F. Supp. 2d at 342; *Dinerstein*, 484 F. Supp. 3d at 594.

Further, under Pennsylvania law, "liability for intrusion upon seclusion cannot exist where a defendant legitimately obtains information from a plaintiff," even if such information is "later disclosed to a third party[.]" *Steinberg*, 899 F. Supp. 2d at 342–43 (citing *Burger v. Blair Med. Assocs., Inc.*, A.2d 374, 378 (Pa. 2009)); *Harris by Harris v. Easton Publ'g Co.*, 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984); *accord Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 849 (N.D. Ill. 2023) ("[Defendant] cannot plausibly be considered to have intruded on . . . private communications that it was always the intended recipient of."). Here, Plaintiff's claim rests on BrightView's alleged "disclosure of the substance and nature of [certain] communications" between her and BrightView "to third parties." Compl., ECF No. 1 at PageID 29, ¶ 106. Accordingly, Plaintiff's claim for intrusion upon seclusion should be dismissed for that reason as well. *See Steinberg*, 899 F. Supp. 2d at 342–43 (dismissing claim for intrusion upon seclusion "premised not on the receipt of that information" but rather on disclosure to third parties).

**3. Plaintiff fails to plausibly allege that any "intrusion" was substantial and highly offensive.**

Even if Plaintiff had plausibly alleged that BrightView intruded upon Plaintiff's browsing on BrightView's own website, Plaintiff fails to allege facts plausibly establishing that such an intrusion was "substantial and highly offensive." *Boring*, 362 F. App'x at 278–79 (quoting *Pro Golf Mfg., Inc.*, 809 A.2d at 247). When evaluating a claim of intrusion upon seclusion at the motion to dismiss stage, a court must "determine whether a certain threshold of offensiveness

exists to support the cause of action in the first place." *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, 2023 WL 7017734, at *6 (E.D. Pa. Oct. 10, 2023).

Here, Plaintiff has "not set forth enough factual matter to cross that threshold." *Id.* The alleged "intrusion" is the Pixel's supposed disclosure to Google of the fact that Plaintiff submitted an appointment scheduling request. Compl., ECF No. 1 at PageID 29, ¶ 106. For the reasons explained in Part I(A) above, however, the facts alleged in the Complaint establish only that Pixel transmitted the fact that the appointment scheduling webpage was *viewed*. Disclosure of such discrete browsing information is not "substantial or highly offensive." *See Cook*, 689 F. Supp. 3d at 72 ("[E]ven if the information could fit into the category of private information, the collection and disclosure of a website visitor's activity does not constitute the highly objectionable conduct needed to state a claim."). And Plaintiff cannot fall back on her conclusory assertion that the disclosure was "highly personal Sensitive Information." Compl., ECF No. 1 at PageID 29, ¶ 103. *See Santoro v. Tower Health*, 2024 WL 1773371, at *6 (E.D. Pa. Apr. 24, 2024) ("[W]ithout any further factual matter describing the [individually identifiable health] information, we hold that the characterization of the alleged intrusion as highly offensive is conclusory and insufficient to state a claim."); *Smart v. Main Line Health*, 2024 WL 2943760, at *4 (E.D. Pa. June 10, 2024) (dismissing claim for intrusion upon seclusion "because of the lack of specific allegations and the reliance on conclusory statements").

**4. Plaintiff fails to plead any cognizable damages.**

Finally, Plaintiff's claim of intrusion upon seclusion should be dismissed because she fails to plead any cognizable damages, which is a required element of her claim. *See Murphy*, 2023 WL 7017734, at *5–7. Count I itself alleges no damages at all. To the extent that Count I purports to incorporate the Complaint's prior allegations, Paragraph 11 alleges that Plaintiff suffered the

following harms: "(i) invasion of privacy; (ii) lack of trust in communicating with online service providers; (iii) emotional distress . . . ; (iv) loss of benefit of the bargain; [and] (v) diminution of value of her sensitive medical information." Compl., ECF No. 1 at PageID 4, ¶ 11.[4] But these allegations are inadequate to establish the damages elements of Plaintiff's claim.

***Mental and Emotional Harms (Paragraph 11(i), (ii), and (iii)).*** Plaintiff alleges that her privacy was invaded, that she lost trust in communicating with online service providers, and that she suffered other mental and emotional harms as a result of BrightView's alleged conduct. *Id*. These conclusory allegations are insufficient to establish the damages elements of her common law claims. *See Murphy*, 2023 WL 7017734, at *5–7 (declining to consider "boilerplate allegations" of mental and emotional harm because plaintiffs "failed to describe how they sustained these alleged 'damages' or otherwise substantiate their existence").

***Loss of Benefit of the Bargain (Paragraph 11(iv)).*** Plaintiff vaguely alleges that she "did not get the full value of the medical services for which she paid," i.e., the "benefit of [her] bargain" with BrightView. Compl., ECF No. 1 at PageID 4, 31, ¶¶ 11, 123. But Plaintiff conspicuously fails to allege that she paid for—let alone received—medical treatment from BrightView. The absence of any alleged "bargain" dooms her "benefit of the bargain" theory. Moreover, even if Plaintiff could allege that she paid BrightView for services, such an allegation is insufficient to establish damages in tort under Pennsylvania law. *See Murphy*, 2023 WL 7017734, at *5–7 ("Plaintiffs . . . link[] this aspect of their claim for damages to the 'full value' of their bargained-for exchange . . . [but] this basis for damages cannot support their tort claim . . . .").

***Diminution of Value (Paragraph 11(v)).*** Plaintiff claims that the "[t]he unauthorized

[4] Plaintiff also alleges that she has suffered "statutory damages" and a "continued and ongoing risk to [her] sensitive information." Compl., ECF No. 1 at PageID 4, ¶ 11. But it is axiomatic that Plaintiff's common law claims for damages cannot rest on "statutory damages" and speculative future harms.

disclosure" of her information "diminished the value of that information." Compl., ECF No. 1 at PageID 22, ¶ 73. In support of this claim, Plaintiff alleges that certain companies derive value from obtaining sensitive medical information and that others pay consumers to track their browsing history. *Id.* at PageID 21–22, ¶¶ 69–72. But Plaintiff does not allege that BrightView disclosed any of her sensitive information—let alone medical information—to Google. *See supra* Section I(A). Further, Plaintiff does not allege that she wishes to sell her information to these companies. Nor does she plausibly allege that BrightView's alleged disclosure of this information to Google would dissuade any of those other companies from purchasing that information, should she ever try to sell it. Accordingly, Plaintiff has failed to allege a cognizable injury. *See In re Samsung Data Sec. Breach Litig.*, 2024 U.S. Dist. LEXIS 235413, at *33–34 (D.N.J. Dec. 11, 2024) (compiling cases rejecting "diminution in value" theory as a cognizable injury).

Accordingly, Plaintiff's claim of intrusion upon seclusion should be rejected for failure to plead cognizable damages.

**B. Counts II, III, IV, and V: Plaintiff's claims for breach and negligence should be dismissed because (i) she fails to allege that BrightView disclosed her confidential information, and (ii) she fails to allege damages.**

The Court should dismiss Plaintiff's claims for breach of confidence (Count II), breach of fiduciary duty (Count III), negligence (Count IV), and breach of implied contract (Count V) for two reasons. First, Plaintiff does not allege facts plausibly establishing that BrightView breached a duty to keep Plaintiff's sensitive health information confidential. Second, Plaintiff fails to allege any cognizable damages.

First, to sufficiently plead each of these claims, a plaintiff must plausibly allege that the defendant breached a duty owed to the plaintiff. *See Emmes Co., LLC v. SAP Am., Inc.*, 2021 WL 1696304, at *5 (E.D. Pa. Apr. 29, 2021) ("To state a negligence claim under Pennsylvania law, a

plaintiff must allege facts sufficient to show the . . . breach of th[e] duty . . . owed to the plaintiff by the defendant."); *Dille v. Geer*, 2020 WL 7624835, at *10 (E.D. Pa. Dec. 22, 2020) ("[T]o state a claim for breach of fiduciary duty under Pennsylvania law, the plaintiff must plausibly allege . . . that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff."); *Doe v. Post Acute Med., LLC*, 2025 WL 511069, at *9 (M.D. Pa. Feb. 14, 2025) (noting "a breach of a duty imposed by the contract" is an element of a breach of implied contract claim under Pennsylvania law). Here, for each claim listed above, Plaintiff asserts that BrightView had a duty to keep her sensitive medical information confidential. *See* Compl., ECF No. 1 at PageID 30–34, ¶¶ 116, 126, 132, 140.

However, Plaintiff fails to allege that BrightView breached the duty she identifies. Even if BrightView had a duty to safeguard Plaintiff's confidential medical information, Plaintiff fails to allege facts establishing that BrightView breached this duty. *See supra* Section I(A). Rather, the facts alleged in the Complaint establish only that BrightView disclosed to Google that a particular webpage was viewed. *Id.* Plaintiff does not allege that BrightView had a duty to keep that information confidential, and Counts II through V should be dismissed on that basis.

Second, Plaintiff fails to plead any cognizable damages for Counts II through V. For each of these causes of action, a plaintiff must allege *specific* facts that plausibly establish that she suffered cognizable damages. *See Murphy*, 2023 WL 7017734, at *4–5, *7; *Post Acute Med.*, 2025 WL 511069, at *6–10; *see also T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, at *3–4 (N.D. Ga. Aug. 28, 2024). However, Plaintiff fails to plead *any* specific factual allegations about the particular damages she supposedly suffered as a result of BrightView's alleged conduct. Instead, Plaintiff relies on the generalized "damages" discussed in Section II(A)(4) above. Those allegations are insufficient for the reasons explained above, and Counts II through V should be

dismissed for that reason as well.

### C. Count V: Plaintiff's claim for breach of implied contract also fails because Plaintiff fails to plausibly allege the existence of a valid implied contract.

The Court should dismiss Plaintiff's breach of implied contract claim for one additional reason: Plaintiff fails to allege the existence of a valid contract. "A claim for breach of contract under Pennsylvania law requires (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Post Acute Med.*, 2025 WL 511069, at *9 (quotation omitted). "These elements also govern a claim for breach of implied contract, except the contract is implied through the parties' conduct, rather than expressly written." *Id.* (quotation omitted).

Plaintiff cannot meet the first element—the existence of a contract—because BrightView gave Plaintiff no consideration. "Under Pennsylvania law, consideration is an essential element of a valid contract." *G.S. v. Rose Tree Media Sch. Dist.*, 914 F.3d 206, 210 (3d Cir. 2018). Further, under Pennsylvania's preexisting duty rule, "an agreement lacks consideration[] if one of the parties is already legally bound to render the performance promised." *Fortwangler v. Workers' Comp. Appeal Bd. (Quest Diagnostics)*, 113 A.3d 28, 35 (Pa. Commw. Ct. 2015) (quoting *SKF USA v. Workers' Comp. Appeal Bd. (Smalls)*, 714 A.2d 496, 500 (Pa. Commw. Ct. 1998)).

Plaintiff alleges that when she made a request for an appointment with BrightView, she and BrightView entered into an implied contract under which BrightView agreed to not disclose her sensitive health information without her consent. Compl., ECF No. 1 at PageID 34, ¶ 140. But Plaintiff also alleges that BrightView "is required by law to maintain the confidentiality of [her] health information." *Id.* at PageID 19, ¶ 58 (citing Privacy Policy - HIPAA Notice of Privacy Practices, BRIGHTVIEW HEALTH, https://www.brightviewhealth.com/privacy-policy/). Indeed, the Privacy Policy cited by Plaintiff details BrightView's obligation to safeguard its patients' and

prospective patients' health information under HIPAA and 42 C.F.R. Part 2. *See* Privacy Policy – HIPAA Notice of Privacy Practices.

Thus, Plaintiffs' own allegations establish that BrightView was under a preexisting statutory duty to refrain from disclosing her sensitive medical information to third parties. Accordingly, BrightView's alleged promise to Plaintiff not to disclose her sensitive medical information cannot serve as consideration for Plaintiff's supposed implied contract, and Plaintiff's breach of implied contract claim should be dismissed on that basis too.

**D. Count VI: Plaintiff fails to state a claim of unjust enrichment.**

The Court should dismiss Plaintiff's unjust enrichment claim because Plaintiff fails to plausibly allege that she conferred a benefit on BrightView and that she reasonably expected compensation for any benefit conferred. The elements of unjust enrichment under Pennsylvania law are: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008) (citation omitted). The third element requires a showing of "circumstances where compensation is reasonably expected[.]" *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1034 (Pa. 2018). Plaintiff cannot satisfy the first and third elements.

***First***, Plaintiff does not allege that she conferred a benefit on BrightView. To establish the "benefit" element, the plaintiff must allege facts plausibly establishing that she *directly* conferred a benefit on the defendant. *See Pellegrino v. Epic Games, Inc.*, 451 F. Supp. 3d 373, 382 (E.D. Pa. 2020) ("[T]o plausibly allege an unjust enrichment claim, the Complaint must allege . . . that [Plaintiff] directly conferred a benefit on [Defendant]."); *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp.

3d 550, 568–69 (W.D. Pa. 2015) (noting that "Plaintiff's actions are core to the cause of action" because the "benefits conferred on [Defendant]" must be made "*by Plaintiff*" (quoting *Sovereign Bank*, 533 F.3d at 180) (emphasis in original)). It is not sufficient that the defendant merely "benefitted as a result of the actions" of the plaintiff. *Pellegrino*, 451 F. Supp. 3d at 382 (quoting *Gabriel*, 124 F. Supp. at 568).

Here, Plaintiff asserts that she "provid[ed] her Sensitive Information to [BrightView]," Compl., ECF No. 1 at PageID 5, ¶ 17, but her allegations show that she did not "provide" anything at all. Rather, Plaintiff merely browsed BrightView's website. *See supra* Section I(A). Although Plaintiff alleges that she submitted an appointment request to BrightView, she does not allege that BrightView disclosed that fact to Google. Thus, Plaintiff did not "directly confer" or "provide" any benefit to BrightView. *Pellegrino*, 451 F. Supp. 3d at 382. And even if BrightView had disclosed any information about Plaintiff to Google, Plaintiff fails to allege any facts plausibly establishing that this information has "inherent value" to BrightView. Accordingly, her unjust enrichment claim cannot rest on that basis. *See Tignor v. Dollar Energy Fund, Inc.*, 745 F. Supp. 3d 189, 205–06 (W.D. Pa. 2024) (rejecting unjust enrichment claim that rested in part on the plaintiff's theory that she conferred a benefit on the defendant by providing her personally identifiable information).

Further, Plaintiff cannot plead a "benefit" based on her allegation that BrightView "enriched itself . . . by saving the costs it reasonably should have expended on marketing and/or data security measures to secure" her sensitive health information. *See* Compl., ECF No. 1 at PageID 35–36, ¶ 151. Plaintiff alleges no facts to support these conclusory claims, and therefore her unjust enrichment claim cannot proceed on this theory. *See Tignor*, 745 F. Supp. 3d at 205–06 (rejecting unjust enrichment claim that rested in part on the plaintiff's theory that the defendant

"enriched itself by diverting costs meant to protect her [personally identifiable information] to its own profit"). In any event, such alleged "enrichment" would not have been a benefit conferred *by Plaintiff*.

***Second***, Plaintiff cannot allege that she "reasonably expected" compensation for any benefit she allegedly conferred on BrightView. *See Commonwealth by Shapiro*, 194 A.3d at 1034. Plaintiff alleges that BrightView "profited" by collecting and disclosing her sensitive information to Google in exchange for marketing and advertising services. Compl., ECF No. 1 at PageID 35, ¶¶ 149–50; *see also id.* at PageID 2–3, 6, 21, ¶¶ 5–7, 23, 67–68. But according to Plaintiff, she "did not know" that BrightView was engaging in this alleged conduct. *Id.* at PageID 20, ¶ 65; *see also id.* at PageID 2, ¶ 3 (alleging that "*unbeknownst to Plaintiff*," BrightView recorded and transmitted her sensitive medical information to Google) (emphasis added); *id.* at PageID 15, ¶ 52 (same). For this reason, Plaintiff's unjust enrichment claim should be dismissed. *See Pellegrino*, 451 F. Supp. 3d at 382 (dismissing unjust enrichment claim "[b]ecause [Plaintiff] allege[d] that [Defendant] misappropriated his likeness without his permission" and therefore "[could] not have conferred anything on [Defendant]."); *Gabriel*, 124 F. Supp. 3d at 569 (dismissing unjust enrichment claim because "any benefits allegedly conferred on Defendants were payments allegedly made by a health insurer . . . not by the Plaintiff, for the fraudulent prescriptions"); *Boring v. Google, Inc.*, 598 F. Supp. 2d 695, 703 (W.D. Pa. 2009) (dismissing unjust enrichment claim because "[t]he entire thrust of [Plaintiffs'] allegations is that [Defendant] took something from [them] without their consent").

In sum, the Court should reject Plaintiff's "scatter-shot" enrichment theories, *see id.*, and dismiss Plaintiff's unjust enrichment claim.

**E. Count VII: Plaintiff fails to state a claim for violation of the ECPA.**

The Court should dismiss Plaintiff's ECPA claim for two reasons. First, Plaintiff fails to allege that BrightView intercepted or disclosed a "communication" or the "contents" of any communication. Second, BrightView cannot be liable under the ECPA because it was a party to any allegedly intercepted or disclosed communication.

**1. Plaintiff does not plead a "communication" or "contents."**

To state an ECPA claim, Plaintiff must allege that BrightView intercepted or disclosed the "contents" of an "electronic communication." *Smart*, 2024 WL 2943760, at *3. According to Plaintiff, the "electronic communications" that BrightView supposedly intercepted and disclosed were "communications to/from Plaintiff and Class Members regarding their Sensitive Information, including the fact that they were suffering from drug or alcohol addiction, and their efforts to find treatment services for the same." Compl., ECF No. 1 at PageID 38, ¶ 168. But the facts alleged in the Complaint do not establish that BrightView intercepted or disclosed any such communications. *See supra* Section I(A). Rather, the facts alleged in the Complaint establish only that BrightView disclosed that Plaintiff viewed the appointment scheduling webpage on BrightView's website. *See id.* Plaintiff does not (and cannot) allege that this browsing information is an "electronic communication."

Further, even if Plaintiff could allege that BrightView tracked and transmitted her request for an appointment, she cannot allege that BrightView tracked and transmitted the "contents" of that communication. The ECPA "defines 'contents' as 'any information concerning the substance, purport, or meaning' of the communication at issue." *Murphy*, 2023 WL 7017734, at *3 (quoting 18 U.S.C. § 2510(8)). Thus, "the term 'contents' refers to the *intended message conveyed by the communication* and does <u>not</u> include *record information regarding the characteristics of the*

*message* that is generated in the course of the communication." *Burns v. Heyns*, 2015 WL 4391983, at *17 (W.D. Mich. July 15, 2015) (quoting *Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*, 750 F.3d 1098, 1107 (9th Cir. 2014)) (emphases added); *Cook*, 689 F. Supp. 3d at 68. Accordingly, to determine whether a plaintiff has sufficiently pled this element, a court must "decid[e] whether the acquired information can best be characterized as either 'record information' or 'the message conveyed by the communication.'" *Cook*, 689 F. Supp. 3d at 68–69.

Here, the "network transmission data" depicted in Figure 1 are quintessential examples of record information. "Location identifiers" of webpages viewed, like URLs and page titles, "have classically been associated with non-content means of establishing communication." *Id.* at 71 (quoting *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 136 (3d Cir. 2015)); *see also In re Nickelodeon Consumer Priv. Litig.*, 2014 WL 3012873, at *15 (D.N.J. July 2, 2014) (noting that "URLs . . . have less in common with the spoken words of a telephone call than they do with the telephone number dialed to initiate the call" (citation omitted)). The same is true of information about a user's passive browsing activity on a particular webpage, such as the fact that the webpage was viewed. *See Burns*, 2015 WL 4391983, at *18 (concluding that details about "the time, order and duration the computer spent on each web page" were non-content record information). None of this information establishes—or even suggests—that an appointment was requested. Thus, even if BrightView had disclosed to Google the information depicted in Figure 1 when Plaintiff made a request to schedule an appointment (it did not, *see* Part I(B)), BrightView did not disclose the "contents" of that communication to Google.

Accordingly, Plaintiff's ECPA claim should be dismissed because she fails to plead the interception of a "communication" or any "contents" thereof.

### 2. The "one party consent" rule bars Plaintiff's ECPA claim.

The Court should dismiss Plaintiff's ECPA claim for a separate reason: it is barred by the "one party consent" rule. The ECPA provides that "it shall not be unlawful. . . for a person . . . to intercept a[n] . . . electronic communication *where such person is a party to the communication* or where one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(d) (emphases added). Thus, when the alleged interceptor is the recipient of the communication, the "one party consent" rule presumptively applies. *See In re Google Inc.*, 806 F.3d at 143 (noting that, "[t]autologically, a communication will always consist of at least two parties" and the "recipient of a communication is necessarily one of its parties"). In that case, an alleged interceptor is not liable unless the plaintiff can show that the "communication [was] intercepted for the purpose of committing any criminal or tortious act." *Id.* at 144.

Plaintiff alleges that BrightView transmitted to Google her communications with BrightView. Compl., ECF No. 1 at PageID 38, ¶¶ 166–69. Accordingly, BrightView was a party to the communication, and the "one party consent" rule presumptively applies. Thus, to state an ECPA claim against BrightView, Plaintiff must allege facts plausibly demonstrating that BrightView's purpose in allegedly tracking and transmitting these communications was criminal or tortious.

Plaintiff fails to do so. Plaintiff alleges baldly that BrightView's "acquisition of sensitive communications that were used and disclosed to Google was done for the purpose of committing criminal and tortious acts," namely the torts of invasion of privacy (Count I) and breach of confidence (Count II) as well as violations of the WESCA (Count VIII), UTPCPL (Count IX), and CSPA (Count X). Compl., ECF No. 1 at Page ID 39, ¶ 174. But "Plaintiff[] cannot assert the crime-tort exception simply by arguing that [BrightView's] conduct was illegal or tortious." *Lakes*

*v. Ubisoft, Inc.*, 2025 WL 1036639, at *7 (N.D. Cal. Apr. 2, 2025) (citing *Sussman v. Am. Broad. Cos., Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999)). Rather, the "Plaintiff must show the purpose for the interception—its intended use—was criminal or tortious." *Id.*

Plaintiff's own allegations contradict her assertion that BrightView's purpose was criminal or tortious. Elsewhere in the Complaint, Plaintiff alleges that BrightView shared information with Google to improve BrightView's marketing efforts and, ultimately, to increase profitability. *See* Compl., ECF No. 1 at PageID 3, ¶ 8 ("BrightView is one of the many companies that has chosen to *prioritize its marketing efforts* over its customers' privacy, by installing Google's Tracking Tools on its website." (emphasis added)); *Id.* at PageID 40, ¶ 179 ("[BrightView] specifically used [Google's] Pixel to track and utilize Plaintiff's" sensitive information "*for financial gain*") (emphasis added); *see also id.* at PageID 2–3, 6, 10, 21, 35, ¶¶ 5–6, 7–8, 23, 32, 67, 68, 149, 150. Because the alleged "purpose of the interception was not 'to perpetuate torts on millions of Internet users, but to make money,'" *Lakes*, 2025 WL 1036639, at *7 (quoting *In re Google Inc. Gmail Litig.*, 2014 WL 1102660, at *18 n.13 (N.D. Cal. Mar. 18, 2014)), Plaintiff has failed to allege that the crime-tort exception applies. *See id.* (concluding that the crime-tort exception did not apply where "[t]he complaint allege[d] that the motivation underlying the [p]ixel installation was . . . to improve the effectiveness of its . . . advertising and marketing"); *Roberts v. Charlotte Mecklenburg Hosp. Auth.*, 2025 WL 880538, at *3 (W.D.N.C. Mar. 20, 2025) (concluding that the crime-tort exception did not apply because the complaint's allegations established that the defendant used health information "for advertising purposes," not for the purpose of committing a criminal or tortious act).

Accordingly, the one-party consent rule bars Plaintiff's ECPA claim, and it should be dismissed for that independent reason.[5]

**F. Count VIII: Plaintiff fails to state a claim for violation of the WESCA.**

The Court should dismiss Plaintiff's WESCA claim because she fails to allege that BrightView intercepted any "communication" or the "contents" thereof. Like the ECPA, the WESCA requires a plaintiff to allege the interception of the "contents" of an "electronic communication." *See Cook*, 689 F. Supp. 3d at 68. "Because the relevant provisions and statutory definitions . . . from [WESCA] are identical to those in ECPA," courts "look to decisions applying those provisions and definitions for guidance." *Id.* at n.6. As relevant here, the ECPA "defines 'contents' as 'any information concerning the substance, purport, or meaning' of the communication at issue." *Murphy*, 2023 WL 7017734, at *3 (quoting 18 U.S.C. § 2510(8)). The WESCA's definition of "contents" is virtually identical. *See Cook*, 689 F. Supp. 3d at 68 (quoting 18 Pa. Cons. Stat. § 5702).

For the reasons explained above, Plaintiff does not allege that BrightView intercepted a "communication" or the contents thereof under the ECPA. *See supra* Section II(E)(1). Thus, Plaintiff's WESCA claim should be dismissed on the same basis.

**G. Count IX: Plaintiff fails to state a UTPCPL claim.**

The Court should dismiss Plaintiff's UTPCPL claim because she fails to adequately plead the required elements. To state a UTPCPL claim, the plaintiff must plausibly allege that "(1) he

[5] In addition to BrightView's consent, it is likely that Plaintiff also provided consent for *Google* to receive her "communications." Although Plaintiff conspicuously fails to allege the details of her account with Google, Google's terms of service and privacy policy permit Google to collect the following information from its users: "Internet, network and other activity information such as your search terms; views and interactions with content and ads; Chrome browsing history that you've synced with your Google Account; information about the interaction of your apps, browsers and devices with our services (such as IP address, crash reports and system activity); and activity on third-party sites and apps that use our services." *See* Google Privacy Policy, https://policies.google.com/privacy.

or she purchased or leased goods or services; (2) the goods or services were primarily for personal, family or household purposes; and (3) the plaintiff suffered an ascertainable loss [(4)] as a result of the defendant's unlawful, deceptive act." *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016) (citing 73 Pa. Cons. Stat. § 201-9.2(a)). The fourth element requires plaintiff to plead that her "justifiable reliance on the defendant's actions caused damages." *Post Acute Med.*, 2025 WL 511069, at *14 (citing *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008)). Plaintiff fails to allege the first, third, and fourth elements of her UTPCPL claim.

**1. Element 1: Plaintiff does not allege a purchase or lease of goods or services.**

Plaintiff fails to state a UTPCPL claim because she does not allege that she purchased any goods or services from BrightView. To have statutory standing to bring a UTPCPL claim, the plaintiff must have purchased or leased goods or services from the defendant. *See* 73 Pa. Cons. Stat.§ 201-9.2(a); *Branche v. Wells Fargo Home Mortg., Inc.*, 624 F. App'x 61, 64 (3d Cir. 2015) (the statute "unambiguously permits only persons who have purchased or leased goods or services to sue"). Although Plaintiff alleges that she requested an appointment with BrightView, Plaintiff does not allege that she ever attended an appointment—let alone paid BrightView for any services. Accordingly, Plaintiff fails to plead that she has statutory standing to bring a UTPCPL claim.

**2. Element 3: Plaintiff does not plausibly allege an ascertainable loss of money or property.**

Even if Plaintiff had alleged a purchase or lease of goods and services, she would still have not stated an UTPCPL claim because she fails to plausibly allege an "ascertainable loss of money or property." 73 Pa. Cons. Stat. § 201-9.2(a). To allege this element, a plaintiff must allege "*facts* from which an ascertainable loss of money or property can be plausibly inferred." *Post Acute Med.*, 2025 WL 511069, at *6 (emphasis added). The closest Plaintiff comes to meeting this burden is her vague allegation that her personal information may have value to certain companies.

Compl., ECF No. 1 at PageID 21–22, ¶¶ 69–73. But because Plaintiff does not (and cannot) allege that her information is no longer as valuable to other companies as a result of the alleged disclosure—let alone that such a reduction is ascertainable—Plaintiff fails to plausibly allege an ascertainable loss of money or property.

**3. Element 4: Plaintiff does not allege an unlawful or deceptive act by BrightView.**

Plaintiff does not allege that BrightView committed any unlawful or deceptive act. She alleges that BrightView falsely promised not to disclose her "Sensitive Information" to third parties like Google. *Id.* at PageID 42–43, ¶ 193. But for the reasons explained above, the facts alleged in the Complaint establish only that BrightView disclosed to Google that Plaintiff viewed a particular webpage. *See supra* Section I(A). Plaintiff does not allege that BrightView promised not to disclose that information.

Further, Plaintiff fails to allege that she justifiably relied on any promise by BrightView. Plaintiff alleges baldly that she "relied on [BrightView's] statements," including those "in its Privacy Policy, when deciding to communicate" with BrightView. Compl., ECF No. 1 at PageID 23, ¶ 79. But Plaintiff does not allege that she actually read the Privacy Policy—much less reasonably understood it to contain a representation that BrightView would not disclose her browsing activity to Google. Indeed, Plaintiff's other allegations suggest that she never read it. *Id.* at PageID 10, ¶ 34 (alleging that it would be "practically impossible" to review the "massive volume of privacy policies encountered through routine internet use").

Accordingly, Plaintiff fails to state a UTPCPL claim. *See Post Acute Med.*, 2025 WL 511069, at *6 (dismissing UTPCPL claim for failure to allege justifiable reliance because the plaintiff "[did] not explicitly plead that he read or understood the privacy policy before he began using defendants' webpages").

### H. Count X: Plaintiff fails to state a CSPA claim.

The Court should dismiss Plaintiff's CSPA claim because Plaintiff fails to allege that she engaged in a consumer transaction with BrightView. "The [CSPA] prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions." *Lambright v. New Age Dome Constr., LLC*, 2025 WL 580985, at *5 (N.D. Ohio Feb. 21, 2025) (citing *Einhorn v. Ford Motor Co.*, 548 N.E.2d 933, 935, 48 Ohio St. 3d 27 (Ohio 1990) (in turn citing Ohio Rev. Code Ann. §§ 1345.02 and 1345.03)). Specifically, Plaintiff fails to state a CSPA claim because she does not plausibly allege (1) that she engaged in a "consumer transaction" with BrightView and (2) that BrightView engaged in an "unfair" or "deceptive" act, let alone an "unconscionable" one.

#### 1. Plaintiff does not plausibly allege a "consumer transaction."

Plaintiff's CSPA claim fails because Plaintiff does not plausibly allege that she and BrightView engaged in a "consumer transaction." The statute defines "consumer transaction," in relevant part, as "a sale . . . other transfer of . . . a service, . . . to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Rev. Code Ann. § 1345.01(A). Importantly, the CSPA exempts "transactions between . . . physicians . . . and their . . . patients" from the definition of "consumer transaction." *Id.*

Plaintiff alleges that BrightView engaged in a "consumer transaction" with her by "solicit[ing]" her on its website to seek addiction treatment services. Compl., ECF No. 1 at PageID 44, ¶ 199. However, Plaintiff does not allege any facts establishing that BrightView solicited her. *See Ferron v. Dish Network, LLC*, 961 N.E.2d 705, 713, 195 Ohio App. 3d 686, 2011-Ohio-5235 (Ohio App. Ct. 2011) (defining soliciting, for CSPA purposes, as "allur[ing]," "entic[ing]," "entreat[ing]," "ask[ing]," "petition[ing]," or "urgently request[ing]"). And to the extent that a

communication between BrightView and a person interested in treatment constitutes a "solicitation to supply" a "service," the communication falls into the physician-patient exemption. Indeed, Plaintiff's own allegations squarely establish that BrightView is a "medical provider specializing in addiction treatment services." Compl., ECF No. 1 at PageID 3, ¶ 9.

Accordingly, Plaintiff fails to plausibly allege that she engaged in a "consumer transaction" with BrightView, and her CPSA claim should be dismissed on that basis.

**2. Plaintiff does not plausibly allege an "unfair," "deceptive," or "unconscionable" act.**

Plaintiff's CPSA claim fails for the additional reason that she does not allege that BrightView engaged in "unfair," "deceptive," or "unconscionable" conduct. Plaintiff alleges that BrightView violated the CSPA by "[f]alsely promising that it would keep confidential and not disclose" Plaintiff's sensitive health information, "[f]ailing to inform Plaintiff" that it would disclose such information to "to third parties in exchange for advertising and marketing services," and "[s]urreptitiously collecting and sharing" such information with third parties. Compl., ECF No. 1 at PageID 44, ¶ 200. Again, however, Plaintiff fails to allege that BrightView disclosed any sensitive medical information to Google. *See supra* Section I(A). At most, BrightView informed Google that Plaintiff visited a certain webpage on BrightView's website. But transmission of such innocuous information is commonplace and not "unfair," "deceptive," or "unconscionable," *see Cook*, 689 F. Supp. 3d at 65, and the Court should dismiss Plaintiff's CSPA claim on this basis as well.

## CONCLUSION

Plaintiff accuses BrightView of disclosing to Google the sensitive health information of Plaintiff and other patients or prospective patients. It is facially implausible that BrightView, a HIPAA- and 42 C.F.R. Part 2-regulated provider of addiction treatment services, would disregard

the privacy obligations that it is so keenly aware of. And indeed, Plaintiff's factual allegations—as opposed to her conclusory assertions—do not support her baseless charge. Plaintiff has built a 45-page, 201-paragraph, ten-count Complaint around a single, unremarkable fact—the "disclosure" to Google that Plaintiff visited a single page on BrightView's website while she was using Google's browser and logged into her Google account. The law is clear that disclosing such discrete browsing information under these circumstances does not constitute an injury-in-fact under Article III. Further, even if Plaintiff had suffered any cognizable injury (she did not), she has failed to plead any viable claims for all the reasons detailed above.

Thus, the Court should dismiss Plaintiff's Complaint with prejudice under 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the Court should dismiss Plaintiff's Complaint under 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: May 6, 2025

Respectfully submitted,

By: /s/ *Alan H. Abes*

Jeffrey P. Hinebaugh (Ohio Bar. No. 0059888)
Alan H. Abes (Ohio Bar No. 0062423)
DINSMORE & SHOHL LLP
255 E. 5th St. Ste. 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
jeff.hinebaugh@dinsmore.com
alan.abes@dinsmore.com

*Trial Attorneys for BrightView Health*

Sean G. Wieber (admitted *pro hac vice*)
Kevin P. Simpson (*pro hac vice* forthcoming)
James W. Randall (*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
SWieber@winston.com
KPSimpson@winston.com
JWRandall@winston.com

*Counsel for BrightView Health*

**CERTIFICATE OF SERVICE**

I certify that on May 6, 2025, a copy of the foregoing was served electronically upon all counsel of record via the Court's ECF filing system.

By: /s/ *Alan H. Abes*
Alan H. Abes